# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GUSTAVO REYES-SOSA, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV416-174 |
| UNITED STATES OF AMERICA, | ) ) | CR413-121 |
| Respondent. | ) ) ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for conspiracy to distribute controlled substances and possession of a firearm with obliterated serial numbers, (doc. 252 (plea agreement)[1], doc. 250 (judgment)), Gustavo Reyes-Sosa moves under 28 U.S.C. § 2255 for resentencing because, he contends, his Sentencing Guidelines "base offense level is unconstitutionally vague." Doc. 418 at 4. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

Reyes-Sosa's plea agreement, accepted by this Court, waived his right to directly appeal or collaterally attack his conviction or sentence for any reason beyond grounds not applicable here. Doc. 252 at 8. He nevertheless appealed (doc. 262), but ultimately lost. Doc. 352. His conviction thus became final after the time for seeking *certiorari* expired on January 16, 2015. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when . . . the time for filing a *certiorari* petition expires."); United States Supreme Court Rule 13(1) (petitioners have 90 days to petition for *certiorari*); doc. 356 (Eleventh Circuit judgment entered October 16, 2014).

Reyes-Sosa filed the instant § 2255 motion a year and half later. Doc. 419 at 5 (filed June 23, 2016). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), applies to his sentence and justifies the relief he seeks. Doc. 419 at 4. He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

Reyes-Sosa's sentence was not career-offender enhanced under ACCA, the Guidelines, or any other provision. *See* PSR ¶ 57 (showing no chapter four (career offender) enhancements). Nor were any of the Guidelines-based increases in his base offense level (a number used in calculating a recommended sentence using the Guidelines) rooted in

statutory or Guidelines provisions that contained language even remotely similar to ACCA's residual clause. *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S.S.G. § 2K2.1.

It follows that Reyes-Sosa cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (January 16, 2015). Time expired on January 18, 2016,[2] so his motion is untimely (he did not file the instant motion until June 23, 2016, doc. 418 at 13).[3]

It also fails on waiver grounds. In his plea agreement, Reyes-Sosa waived his right to direct appeal and collateral attack:

> To the maximum extent permitted by federal law, [t]he defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, *on any ground*, except that: the defendant may

---

[2] January 16, 2016 fell on a Saturday. The deadline thus became January 18, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[3] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Reyes-Sosa invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 252 at 8 (emphasis added).

Such waivers are

valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir.1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

*Demello v. United* States, 969 F. App'x 969, 971-72 (11th Cir. 2015); *Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016). Cases like this typically necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review.

Yet, ordering that up here -- where Reyes-Sosa advances no specific plea-invalidity facts (*e.g.*, that he was coerced or tricked into the plea), much less *any* ineffective assistance of counsel claim -- defeats the very bargain that the government secured. That deal gave him certain benefits in exchange for sparing the taxpayers the expense of defending against a collateral attack (government attorney time required to respond to his § 2255 motion, transcript expenses, etc.). To order a transcript and response, then, would gut that bargain.

"That is why the Eleventh Circuit's heightened pleading burden must be honored." *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (explaining that specific, waiver-invalidating facts must be pled, and emphasizing that mere, "I-want-a-do-over" allegations will not suffice). Where that burden is not met, the agreement itself (here the above excerpt, plus Reyes-Sosa's affirmation of his understanding and acceptance, doc. 252 at 12), plus the absence of any waiver-invalidating allegations (indeed, he does not even *acknowledge* his waiver), stops the § 2255 train. *Id.* Hence, he has waived his (meritless) *Johnson* claim.

Gustavo Reyes-Sosa's § 2255 motion therefore should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this 5th day of July, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA